## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| EVANGELIST JOHN L. ORR, IV, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:23-cv-00106-SNLJ |
| BLACK RIVER COUNTRY L.L.C., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is before the Court on self-represented plaintiff Evangelist John L Orr, IV's request to proceed in the district court without paying fees or costs. Based on plaintiff's statements of his income, the Court will grant the request and waive the filing fee. Also, the Court will direct plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

In his complaint, plaintiff states that on September 21, 2022, February 6, 2023, and March 6, 2023, he fell and required numerous emergency room visits to the Iron County Hospital, John J. Pershing VA Hospital, and John Cochran VA Hospital. Plaintiff states that his falls occurred at Black River Country LLC, Tidwell LLC, and Poor Boys Hunting LLC, all of which are located in Annapolis, Missouri. Plaintiff states that Kelly McCulley "refused me my taking my wheelchair to the Black River Country LLC VA home," which caused him to fall on these three occasions. He suffered a damaged disc and neck injuries, causing him immense pain. Plaintiff has sued the owners of Black River Country LLC, Tidwell LLC, and Poor Boys Hunting LLC seeking $100,000 for compensatory and punitive damages.

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enters. Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). The statute conferring diversity jurisdiction in federal court is to be strictly construed. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. The instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable.[1] Therefore, the Court may only hear this case if diversity jurisdiction exists.

The diversity jurisdiction statute, 28 U.S.C. § 1332, requires complete diversity of citizenship between plaintiffs and defendants. *Buckley v. Control Data Corp.*, 923 F.2d 96, 97, n.6 (8th Cir. 1991). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). To establish complete diversity of citizenship, the complaint must include factual allegations of each party's state of citizenship, including allegations of any

---

[1] Although his complaint is unclear, plaintiff seems to allege that one of his falls occurred at the "Black River Country L.L.C. V.A. Home." Based on the Missouri Secretary of State's online business filings, however, Black River Country is not a V.A. home, but is a limited liability company that operates an independent living facility. *See* Missouri Secretary of State (www.sos.mo.gov) (last visited Oct. 20, 2023). Thus, it does not appear that plaintiff's claims would fall under the Federal Tort Claims Act.

corporate party's state of incorporation and principal place of business. *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).

Here, plaintiff does not include allegations of defendants' citizenship. Because defendants are the owners of three companies located in Annapolis, Missouri, however, it is likely they are Missouri citizens. Plaintiff must include allegations of the defendants' citizenship to establish diversity jurisdiction. *See id.*; 28 U.S.C. § 1332.

Plaintiff's complaint is procedurally defective because it does not allege the citizenship of defendants, who are the owners of Black River Country LLC, Tidwell LLC, and Poor Boys Hunting LLC. As a result, the Court will order plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's request to proceed in the district court without prepayment of fees and costs is **GRANTED**.  [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must show cause in writing no later than **November 10, 2023**, why this action should not be dismissed for lack of federal jurisdiction.

**IT IS FURTHER ORDERED** that if plaintiff does not timely and fully comply with this order, this matter will be dismissed without prejudice for lack of subject matter jurisdiction.

Dated this 23rd day of October, 2023.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE